1 | Reza Dokhanchy (SBN 287684)
RDokhanchy@mintz.com
2 | MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
3580 Carmel Mountain Road, Suite 300
3 | San Diego, CA 92130
Telephone: 858.314.1500
4 |
James Yang (*pro hac vice* motion forthcoming)
5 | jyang@caldwellcc.com
CALDWELL CASSADY CURRY P.C.
6 | 2121 N. Pearl St., Suite 1200
Dallas, TX 75201
7 | Telephone: (214) 888-4848

8 | ATTORNEYS FOR PLAINTIFF
COLLISION COMMUNICATIONS, INC.
9 | *Additional Counsel on Signature Page*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE SUBPOENA OF QUALCOMM INCORPORATED | Misc. Action No. '25CV2037 TWR AHG<br><br>**COLLISION COMMUNICATIONS INC.'S MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF TO ENFORCE SUBPOENAS FOR DEPOSITION TESTIMONY AND DOCUMENT PRODUCTION TO QUALCOMM, INC.** |
| COLLISION COMMUNICATIONS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>LENOVO GROUP LIMITED,<br><br>    Defendant. | Underlying Case:<br><br>CASE NO. 2:23-CV-00594-JRG<br><br>(Pending in the U.S. District Court for the Eastern District of Texas) |

# TABLE OF CONTENTS

I. PRELIMINARY STATEMENT ........................................................................... 1

II. FACTS ..................................................................................................................... 3

III. ARGUMENT ........................................................................................................... 6

   A. This Motion Should be Transferred to the Eastern District of Texas for Resolution in the Underlying Action Because "Exceptional Circumstances" Exist.. 6

   B. If this Court Does Not Transfer this Motion, it Should Order Qualcomm To Comply With Collision's Discovery Requests. ......................................................... 7

IV. CONCLUSION ....................................................................................................... 9

i

1     Pursuant to Rules 45(d)(2)(B)(i) and 45(f) of the Federal Rules of Civil Procedure, Collision Communications, Inc. ("Collision") moves this Court for an Order transferring this motion to the Honorable Rodney Gilstrap of the United States District Court for the Eastern District of Texas, or, in the alternative, compelling third party Qualcomm Inc. ("Qualcomm") to comply with Collision's document and source code subpoena, or in the alternative, provide a witness for a 30(b)(6) deposition (the "Motion").

## I. PRELIMINARY STATEMENT

This Motion relates to a dispute pending in the United States District Court for the Eastern District of Texas, in which Collision seeks to recover damages from Lenovo Group Limited for infringement of certain of Collision's patents. *See Collision Communications, Inc. v. Lenovo Group Ltd.*, No. 2:23-CV-00594-JRG (E.D. Tex.) (the "Underlying Action").

Qualcomm is a ████████████████████████████████████. As such, a portion of the accused Lenovo products in Underlying Action ████████████████████████████████████████████████████████████████████████████████████████. It is Collision's understanding that ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. As such, Qualcomm is ████████████████████████████████████████████████████████████████████████████████.

Collision has diligently sought documents, source code, and deposition testimony from Qualcomm regarding the relevant Qualcomm chips in the Underlying Action. Namely, Collision offered to limit document discovery to specific design documents related to a single representative chip to reduce Qualcomm's burden. Collision understood that such document would likely be titled ████████ ████████ although it is possible that it is titled something else, such as ████████ ████████, etc. In response to Collision's proposal, Qualcomm agreed to look for the ████ for the single chip (████████), stating that if such chip wasn't found, they would

1  "perform a search for ▇ across the rest of the chips." Ex. C at 11. Following this
2  statement, Qualcomm repeatedly represented that it would produce the ▇ for the
3  ▇, even going so far as to say at one point that *it had found it*, until a few days
4  before the end of fact discovery, when it became apparent that Qualcomm had either
5  not in fact found the relevant ▇ or just declined to produce it. And, contrary to its
6  representation in Ex. C, after purportedly failing to find the document, Qualcomm did
7  not search for or produce ▇ across the rest of the chips. Qualcomm's
8  representations, delay, and ultimate discovery failures unnecessarily forced Collision
9  into its current situation requiring motion practice. Fact discovery in the Underlying
10 Action ends the same day this motion is to be filed: August 7th, 2025.

11      Under the circumstances presented, Collision asks in the first instance for this
12 Motion to be transferred to the Eastern District of Texas pursuant to Rule 45(f). The
13 Judge in the Underlying Action is familiar with the issues set forth herein and it would
14 be most efficient for these disputes to be resolved in that court.

15      If this Court does not transfer the Motion, however, Collision seeks the following
16 relief:

17      *First*, Qualcomm should be ordered to produce, at least, the ▇ across the rest
18 of the chips[1] that Collision identified to Qualcomm. Qualcomm represented that it
19 would search for these chips to the extent it could not find the ▇ for the ▇ in
20 its June 30th, 2025 email. Ex. C at 11. As described herein, Qualcomm represented until
21 the end of fact discovery that it could find the ▇ but ultimately failed to do so.

22      *Second*, to the extent Qualcomm cannot find the ▇ for the ▇, or other
23 identified chips, Qualcomm should be ordered to comply with Collision's subpoena for
24 a Rule 30(b)(6) deposition of a Qualcomm designee for the relevant functionalities
25 Collision sought to find in said ▇

26 ―――――――――――――
27 [1] These chips include: ▇
28 ▇

2

*See* Ex. B at 4-5. This deposition can be limited to specific portions of the topics in Collision's subpoena, namely, an explanation of how the relevant Qualcomm chips perform ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Ex. A at 20-21.

Collision notes that Qualcomm produced over 50,000 pages of documents the day before this motion (*i.e.*, the day before the end of fact discovery). Collision has not had a chance to fully review this production to confirm whether this production can resolve any part of the present dispute. Upon a preliminary review, Collision does not presently believe such production to resolve the present dispute.

## II.   FACTS

1. Almost nine months ago, on December 3rd, 2024, Collision served its subpoena to Qualcomm. Requests For Production Nos. 1, 2, and 4 requested source code and documents sufficient to explain how Qualcomm's products implement and/or perform various relevant functionalities for the asserted patent claims.[2] *See* Ex. A.

2. While Collision sought to acquire relevant documents from the Defendant in the Underlying Action, Lenovo, it was unable to obtain such documents. As such, Collision reached out to Qualcomm on June 3rd, 2025, to follow up on the requested documents. Ex. B at 6. On June 6th, 2025, Collision offered to simplify non-source code discovery for Qualcomm by proposing that Qualcomm produce

---

[2] The listed functionalities included ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

3

|   |   |
|---|---|
| 1 | a specific ▮▮▮ for a single chip, namely ▮▮▮ |
| 2 | ▮▮▮ |
| 3 | ▮▮▮ |
| 4 | ▮▮▮ chipset. *Id.* at 4-5. During this exchange, |
| 5 | Collision explained that such document may allow the parties to forgo document |
| 6 | production for the other chips in this case. *Id.* Qualcomm agreed to look for this |
| 7 | document on June 10th, and confirmed they were in the process of searching for |
| 8 | it on June 16th. *Id.* at 1, 3. Qualcomm's actions beyond this point are puzzling: |

- **June 26th** – Qualcomm represented: "we have been searching for ▮▮▮ which you just recently requested, and so far, we have not found one. That search should be completed early next week, and I will let you know as soon as I receive the results." Ex. C at 15.

- **June 30th** - Qualcomm represented: "We expect to complete our efforts to find ▮▮▮ today. If we don't find it, we will perform a search for ▮▮▮ across the rest of the chips." *Id.* at 11.

- **July 7th** - Qualcomm represented: "We are still working on the ▮▮▮ *Id.* at 5.

- **July 9th** - Qualcomm represented: "I do not yet have an update on the ▮▮▮ *Id.* at 3. Later that day, Qualcomm represented: "We *found* the ▮▮▮ and are processing it for production." *Id.* at 2 (emphasis added).

- **July 16th** - Qualcomm produced two documents that were entirely different from the requested ▮▮▮. Collision immediately responds to Qualcomm to address this problem. Ex. D at 13-14.

- **July 21st** – After multiple complaint emails from Collision, Qualcomm finally responds, stating that the two documents produced on July 16th "were collected and produced as ▮▮▮ ▮▮▮" *Id.* at 9. Confusingly, Qualcomm then

4

represented that they now had "a line on the ▮▮▮ and were "working to retrieve it." *Id.*

- **July 28th** - Qualcomm represented: "We are still working to collect the ▮▮▮ *Id.* at 6.

- **July 31st** – Qualcomm responded to further requests for the ▮▮▮ by stating: "We will be producing a ▮▮▮ tomorrow." *Id.* at 1.

- **August 1st** – Qualcomm produced a single document that is, once again, not the requested ▮▮▮ Ex. E at 11.

- **August 4th** – Collision identified this problem to Qualcomm and informed Qualcomm that its delay and failure to produce the ▮▮▮ now requires Collision to file a motion to compel. *Id.* at 5-6.

- **August 6th** – Qualcomm produces over 50,000 pages of new documents, which include ▮▮▮ The parties meet and confer to confirm an impasse, which both parties confirmed. Collision asks Qualcomm to provide bates numbers for the ▮▮▮ documents if it is in the production, and Qualcomm declines.

- **August 7th** – Fact discovery ends. This motion is filed.

3. As previously mentioned, Qualcomm produced over 50,000 pages of new documents the day before this motion was filed. Collision has not been able to fully review this production given its size, however, a preliminary review has revealed a ▮▮▮. These include ▮▮▮. As explained in Collision's subpoena and subsequent correspondences with Qualcomm, Collision specifically sought the ▮▮▮. Collision's subpoena specifically lists certain key functionalities it is looking for, such as ▮▮▮

5

1   ▮▮▮▮▮▮. Collision also asked Qualcomm to identify the
2   relevant ▮▮▮ document by bates number, but Qualcomm declined. Ex. E at 1.
3   4.   As context for Collision's initial proposal to limit discovery to just the ▮▮▮ that
4        would describe the relevant functionalities for the ▮▮▮ chipset, it should be
5        noted that ▮▮▮▮▮▮
6        ▮▮▮▮▮▮
7        ▮▮▮▮▮▮
8        ▮▮▮▮▮▮
9        ▮▮▮▮▮▮
10       ▮▮▮▮▮▮
11       ▮▮▮▮▮▮
12       ▮▮▮▮▮▮
13       ▮▮▮▮▮▮

### III.  ARGUMENT

#### A. This Motion Should be Transferred to the Eastern District of Texas for Resolution in the Underlying Action Because "Exceptional Circumstances" Exist

Federal Rule of Civil Procedure 45(f) states that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." The Advisory Committee Notes to the 2013 Amendment to Rule 45(f) provide the following guidance as to what constitutes "exceptional circumstances":

> The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in

many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion. Judges in compliance districts may find it helpful to consult with the judge in the issuing court presiding over the underlying case while addressing subpoena-related motions.

Moreover, "[c]ourts have also considered a number of factors relating to the underlying litigation including . . . 'the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation.'" *E4 Strategic Solutions, Inc. v. Pebble Ltd. P'Ship*, 2015 WL 12746706, at *3 (C.D. Cal. Oct. 23, 2015) (quoting *Judicial Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014)). The decision "whether to transfer a subpoena-related motion is committed to the discretion of the court where compliance is required." *Youtoo Techs., LLC v. Twitter, Inc.*, 2017 WL 431751, at *1 (N.D. Cal. Feb. 1, 2017).

"Exceptional circumstances" exist. Qualcomm has refused to consent to have this dispute resolved in the Eastern District of Texas. Nonetheless, transfer to the Eastern District of Texas is still warranted because Judge Gilstrap is in the best position to address the substantive issues raised in this motion. Resolution of this Motion will impact the discovery schedule set in Underlying Action. The current fact discovery cutoff date in the Underlying Action is the date of this Motion's filing: August 7th, 2025. Collision may need to seek an extension of that deadline for, *inter alia*, the completion of third-party discovery. Judge Gilstrap is in the best position to conduct this oversight in accordance with his own schedule and orders. This weighs in favor of finding "exceptional circumstances." *See F.T.C. v. A± Fin. Ctr.*, 2013 WL 6388539, at *3 (S.D. Ohio Dec. 6, 2013) (finding "persuasive" that "District Courts may transfer motions related to subpoenas to the courts overseeing the underlying litigation where warranted due to, inter alia, *the interests of judicial economy*").

**B. If this Court Does Not Transfer this Motion, it Should Order Qualcomm To Comply With Collision's Discovery Requests.**

| | |
|---|---|
| 1 | "Federal Rules of Civil Procedure 26 and 45 govern discovery from nonparties |
| 2 | by subpoena." *Bofi Fed. Bank v. Erhart*, 2016 WL 1644726, at *2 (S.D. Cal. Apr. 26, |
| 3 | 2016); *see also Wi-Lan Inc. v. Research in Motion Corp.*, 2010 WL 2998850, at *3 (S.D. |
| 4 | Cal. July 28, 2010) ("The general rules of discovery apply to subpoenas issued under |
| 5 | Rule 45, including Fed. R. Civ. P. 26(b)(1) . . . ."). Under Rule 26(b)(1), "[p]arties may |
| 6 | obtain discovery regarding any matter, not privileged, that is relevant to the claim or |
| 7 | defense of any party . . . relevant information need not be admissible at the trial if the |
| 8 | discovery appears reasonably calculated to lead to the discovery of admissible evidence." |
| 9 | Critically, "[a] District Court whose only connection with a case is supervision of |
| 10 | discovery ancillary to an action in another district should be especially hesitant to pass |
| 11 | judgment on what constitutes relevant evidence thereunder. Where relevance is in |
| 12 | doubt… the court should be permissive." *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 681 |
| 13 | (N. D. Cal. 2006) (quoting *Truswal Sys. Corp. v. Hydro-Air Engineering, Inc.*, 813 F.2d |
| 14 | 1206, 1210 (Fed. Cir. 1987).) |
| 15 | Qualcomm does not contend that the material sought by Collision is irrelevant to |
| 16 | the Underlying Action. Instead, as Qualcomm disclosed during the parties' meet and |
| 17 | confer regarding these discovery requests, the thrust of its objection is Qualcomm's |
| 18 | belief that Collision has only ever asked for the ▆ for the ▆ chip. Qualcomm |
| 19 | ignores the detailed requests found in Collision's subpoena. Ex. A at 16-17. Qualcomm |
| 20 | also ignores Collision's representations that its request for the ▆ for the ▆ |
| 21 | chip was just a proposed alternative to a more fulsome discovery process. Ex. B at 4-5. |
| 22 | Qualcomm even ignores its own statement that they would "perform a search for ▆ |
| 23 | across the rest of the chips" if they couldn't find the ▆ for the ▆ chip. Ex. C |
| 24 | at 11. |
| 25 | Qualcomm's objections are inappropriate, if not waived by Qualcomm's past |
| 26 | statements. *See Bofi*, 2016 WL 1644726, at *2 ("Once the propounding party establishes |
| 27 | that the information sought is relevant, the party opposing discovery has the burden of |
| 28 | |

8

1 | showing that the discovery should be prohibited, and the burden of clarifying,
2 | explaining or supporting its objections.").

3 It is Qualcomm, not Collision, that failed to provide the appropriate notice regarding the scope of discovery in this case. Qualcomm's repeated representations that they had found, or were just about to find, the ███ for the ███ chip lasted all the way until the end of fact discovery, when it was revealed that no such document would be produced. As such, Qualcomm's June 30th statement that they would "search for ███ across the rest of the chips" became an empty and misleading representation. Ex. C at 11. Had Collision known that Qualcomm would not ultimately produce the ███ for the ███ Collision would have sought additional documents and deposition testimony months prior to the end of fact discovery. To the extent a design document exists that explains ███████████ for the ███ but is not called a "███████," Qualcomm's representations have also prevented Collision from pursuing said document.

## IV.  CONCLUSION

For the foregoing reasons, Collision respectfully requests that the Court transfer this Motion to the Eastern District of Texas. In the alternative, Collision respectfully requests that the Court compel Qualcomm to (1) produce ███████████████ for all the chips that Collision identified to Qualcomm, and (2) provide Collision with dates in August 2025 when its designee(s) are available to testify regarding any chips for which such an ███ cannot be produced.[4]

---

[3] Such documents should include an explanation of how the relevant Qualcomm chips perform ███████████████████.

[4] Such depositions may be limited to ███████████, including an explanation of how the relevant Qualcomm chips ███████████████.

9

| | | |
|---|---|---|
| 1 | Dated: August 7, 2025 | By: */s/ Reza Dokhanchy* |

Reza Dokhanchy (SBN 287684)
RDokhanchy@mintz.com
**MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.**
3580 Carmel Mountain Road, Suite 300
San Diego, California 92130
Telephone:   (858) 314-1500
Facsimile:    (858) 314-1501

James Yang (*pro hac vice* forthcoming)
Email: jyang@caldwellcc.com
James F. Smith (*pro hac vice* forthcoming)
Email: jsmith@caldwellcc.com
**CALDWELL CASSADY CURRY P.C.**
2121 N. Pearl St., Suite 1200
Dallas, Texas 75201
Telephone: (214) 888-4848
Facsimile: (214) 888-4849

Attorneys for Plaintiff Collision Communications, Inc.